BLAKE *v.* NATIONAL BANKS.

1. Under the Internal Revenue Act of July, 1870, which enacts that "there shall be levied and collected *for and during the year* 1871, a tax of 2½ per cent. on the amount of all interest paid by corporations, and on the amount of dividends of earnings *hereafter* declared by them," and which directs that such interest and dividends shall not after the 1st of August, 1870, be taxed under prior acts; interest paid and dividends declared during the last five months of the year 1870, are taxable, as well as those declared during the year 1871, it appearing that income of other

sorts was meant to be so taxed, and there being no apparent reason why income derived through corporations should not be taxed like income generally.

2. A badly expressed and apparently contradictory enactment (such as the one above mentioned) interpreted by a reference to the Journals of Congress, where it appeared that the peculiar phraseology was the result of an amendment introduced without due reference to language in the original bill.

ERROR to the Circuit Court for the Southern District of New York, in which court several National banks sued Blake, a collector of internal revenue, to recover certain taxes of $2\frac{1}{2}$ per cent., upon dividends which had been declared and made payable by the banks, during the last five months of the year 1870; which taxes Blake as collector had demanded, and which the banks had paid on compulsion and under protest.

There were other cases from other circuits, including one from the Eastern District of Pennsylvania, heard with these, involving the same question, and also the question whether additions to surplus and payments of interest made by corporations during the five months above mentioned, that is to say, during the months of August, September, October, November, or December, 1870, were liable to be charged with the said tax.

The case depended upon certain statutes, and was thus:

The 118th, 119th, 120th, 121st, and 122d sections of an act of June 30th, 1864, laid a tax of 5 per cent. on income; the tax commonly known as the "income tax."*

So far as the income which was enjoyed by any one was *not* obtained from dividends made by corporations, or from interest on their bonds or other securities, or from additions to the surplus, contingent, or other funds of such corporations, individuals, by the 118th and 119th sections of the act, were to make it known by return to the assessor, and were *themselves* to pay it directly to the collector. The tax thus payable directly by individuals was to be levied on the

---

* 13 Stat. at Large, 283.

first day of May in each year (on the gains, of course, of the preceding year), and be payable on or before the 30th of June following; and it was enacted that it should be levied until the year 1870 and no longer than until that year; that is to say, that this tax of 5 per cent. should end with and in the year 1869.

So far as income came from dividends made by corporations or additions by the corporations to the surplus, contingent or other fund of undistributed earnings, or by the interest payable on bonds, &c., of corporations, the matter was regulated by the 120th, 121st, 122d, and 123d sections.

The 122d section—which imposed a duty of 5 per cent. upon interest on bonds issued, on dividends declared, and on undistributed profits earned by railroad and other corporations—made it the duty of the officers of said corporations to return to the assessor and pay to the commissioner the tax within thirty days after the said interest and dividends became due and payable, and they were authorized to *retain* the tax so paid, out of the interest and dividends due to bond and stockholders.

This act of June 30th, 1864, was the only act, prior to July, 1870, which imposed a tax on interest and dividends payable by railroad companies.

In this condition of things—that is to say, with an income tax law in 1864, which extended to and included the year 1869, but no later years—Congress, on the 14th July, 1870, passed a new act. This new act of July 14th, 1870, was entitled " An act to reduce internal taxes, and for other purposes;" and in certain sections not now under consideration, taxation was reduced.

The sections with which the present case was immediately concerned, were the sixth, the seventh, the fifteenth, and the seventeenth; and they were in substance as follows:

" SECTION 6. There shall be levied and collected *annually*, as hereinafter provided, for the years 1870 *and* 1871, and no longer, a tax of $2\frac{1}{2}$ per centum upon the gains, profits, and income of every person residing in the United States, and of every citizen of the United States residing abroad, derived from any source

whatever, whether within or without the United States, except as hereinafter provided."*

"Section 7. In estimating the gains, profits, and income of any person, there shall be included all income derived from . . . the gains, profits, and income of any business, profession, trade, employment, office, or vocation, including any amount received as salary or pay for services in the civil, military, naval, or other service of the United States, or as senator, representative, or delegate in Congress, except that portion thereof from which, under authority of acts of Congress previous hereto, a tax of 5 per centum shall have been withheld."

"Section 15. There shall be levied and collected *for and during the year* 1871, a tax of 2½ per centum on the amount of all interest or coupons paid on bonds or other evidences of debt issued and payable in one or more years after date, by any of the corporations in this section hereinafter enumerated, and on the amount of all dividends of earnings, income, or gains *hereafter declared* by any bank, . . . railroad company, &c., whenever and wherever the same shall be payable, and to whatsoever person the same may be due; and on all undivided profits of any such corporation, which have accrued and been earned and added to any surplus, contingent, or other fund. And every such corporation having paid the tax as aforesaid is hereby authorized to deduct and withhold from any payment on account of interest, coupons, and dividends, an amount equal to the tax of 2½ per centum on the same."

The sixteenth section provided that an account should be rendered by the corporation making a dividend, &c., to the assessor on or before the tenth day of the month following the dividend of the amount of income and of profits and of taxes as aforesaid, and that the amount payable as tax should be paid within thirty days after it became due.

The next section was thus:

"Section 17. Sections 120, 121, 122, and 123 of the act of June 30th, 1864, &c., shall be construed to impose the taxes therein mentioned to the 1st day of August, 1870; but after that date no further taxes shall be levied or assessed under said sections," &c.

---

* 16 Stat. at Large, 257.

The difficulty now arose upon the peculiar phraseology of the above-quoted fifteenth section as indicated by the italicized words: "There shall be levied and collected *for and during the year* 1871, a tax of 2½ per centum, on the amount of all . . . dividends *hereafter* declared." The act was passed July 14th, 1870. Suppose now that a dividend was made between that date and January 1st, 1871. It was declared "after" the passage of the act, and the act enacted that the tax was to be on all dividends "thereafter declared." But it also enacted that the tax was to be levied for and during the year 1871, and the dividend was not made for that year.

And the seventeenth section of the act enacted that no tax should be levied longer under the sections 120, 121, 122, or 123 (the sections affecting corporations) of the act of 1864.

Only two constructions seemed possible:

One of them would hold that the thing to be done in 1871 was the "levying and collecting." This would make the meaning thus: "A tax of 2½ per cent. on the amount of all dividends hereafter declared shall be levied and collected in the year 1871." This was the view of the meaning of the act taken by the government. It asserted that the limitation to the year 1871 did not apply to the accruing or to the declaring of the dividend to be taxed, but only to the time when the tax was to be levied and collected, and that the words "hereafter declared" showed that the tax was to be levied on all dividends declared after the passage of the act, and therefore that a dividend declared in December, 1870, being "hereafter declared," must pay the tax, though the levying and collecting was to be postponed till 1871.

The other construction was that the words "for and during the year 1871" apply to, and limited, and were intended to describe, the time of the earning of the money out of which the dividends were declared, and also the time of the declaration of the dividends; that is to say, that dividends were not to be taxed unless they were either declared in 1871, or the moneys from which they were declared were

earned in that year, and that the object of the section was to tax only dividends declared or earned therein.

On the part of the government it was said, "Income is equally income, and, in practical view, identically the same thing, whether it be interest coming from an individual debtor or interest coming from a railroad company; whether it be a dividend of profits declared to one of a mercantile firm having several partners, or a like dividend declared to one of several stockholders of a bank or railroad or other corporation specified in the fifteenth section of the act of 1870. Why would you seek to tax the income from the first source and not to tax that from the second? In so acting you would make us give up and abandon for five months the less odious form of taxation, since it is less odious to let the corporation retain the tax and pay it for the citizen—in which case vast numbers of persons never so much as know that they have been taxed—and you would make us retain and enforce the more odious form, since it is more odious to make the citizen report, by an inquisitorial process, what gain has come directly into his hands, and then make him unclench his hand and give up what, from his mere possession of it, he had almost felt was his own. In so acting you would make us do worse, for you would make us put the burden of taxes on the poorer sorts of persons in every class (since the gains of these are generally made directly by themselves); and you would make us absolve, for five months, those whose gains come from the bonds and stocks of corporations, that is to say, the rich alone or chiefly."

To all this the reply of the banks, railroad, and other corporations was: We do not presume to be wiser than Congress, or to speculate upon the reasons for what it has done. Command being plain, our duty is obedience. And when in regard to income paid directly Congress says—

"There shall be levied and collected *annually* . . . for the years 1870 AND 1871, and no longer, a tax of 2½ per centum," &c.;

and in regard to income retained by and paid through corporations, says:

"There shall be levied and collected for and during the year 1871, a tax of 2½ per centum," &c.;

We think it plain that Congress did not mean to lay a tax in the two cases for the same term of time.

This was the view taken by the banks, and in accordance with it they construed the section as though it read " a tax of 2½ per cent. shall be levied and collected on the amount of all dividends hereafter declared for and during the year 1871."

The Circuit Courts, where the question arose, sustained the position taken by the banks.    That position was thus forcibly defended by McKennan, J., in the Pennsylvania Circuit:

"The seventeenth section of the act of July 14th, 1870, repeals the 122d and other sections of the act of 1864, by providing that, after the first day of August, 1870, no further taxes shall be levied or assessed under them.    It is plain, therefore, that the tax complained of by the banks could not be assessed and collected under the act of 1864, and that unless it was authorized by the act of 1870, there is no warrant anywhere for its assessment.    The fifteenth section of the latter act is the only part of it for which this effect can be asserted.

"The word 'levied' in the beginning of the section, is evidently employed as convertible with assessed or imposed, so that the import of the enactment is, that interest, dividends, and surplus earnings shall be subjected to a tax of 2½ per cent. for and during the year 1871.    The plainly expressed meaning of the section would, therefore, seem to be, that the tax to be levied was a tax for the year 1871, and not for the whole or any part of any previous year, and that it was to be imposed upon the enumerated subjects during and within the year 1871, and not during or within any other year.    Interpreting the words of the section then, according to their ordinary sense, interest falling due and dividends declared and payable within the last five months of 1870, were excluded from the operation of the tax.

"But it is urged that the phrase 'hereafter declared,' applied to dividends subject to the tax, dividends declared and payable before 1871.    There is certainly no ground, either in the import

of these words or in their collocation in the law, for extending their qualifying effect to interest or undivided profits. Only dividends are properly spoken of as ' declared;' not so either interest or undivided earnings, and to apply the term to them would be both inappropriate and unmeaning. It must be taken as referring exclusively to dividends; and interest and undivided earnings must be considered as affected by the unqualified import of the clause which makes them taxable for and during the year 1871.

" Nor is there any better reason for interpreting this phrase to describe only dividends declared after August 1st, 1870. It is not found in the same section with that date, and while, *ex vi termini,* it applies to the date of the passage of the act, this obvious reference cannot be changed by the exigencies of a mere arbitrary construction.

" But were these words used in any other sense than as referring to a period occurring after the passage of the act, and for and during the year 1871, as they naturally import, and not with intent to impose a tax upon dividends exceptionally ? To preserve the congruity of legislative action and to harmonize the several sections of the act of 1870 itself, they must be thus interpreted.

" From the origin of the system of internal revenue taxation, through the whole course of legislation on the subject, interest on corporate indebtedness, dividends of profits, and undivided earnings were treated as closely related if not inseparable subjects of taxation. They were associated in the same section, the same tax was imposed upon them, and the same mode provided for its return and collection; and this relation was preserved in their relief together from the 5 per cent. tax, by the repeal of the 122d section of the act of 1864. They are, indeed, but a single subject, because they are the product of the inseparable exercise of corporate franchises, and are only nominally distinguishable by being set apart for different classes of recipients. They were, therefore, uniformly dealt with as cognate subjects of taxation. Now, to hold that dividends were intended to be taxed, and that interest and undivided profits were not, ought to be the result of an unequivocal declaration of Congress to that effect. Aside from this there is no reason for such a conclusion by construction. But if anything in the act is plain, it is that the tax upon interest and undivided profits

was limited in its operation to the 1st of August, 1870, and that the new tax was not to be imposed upon them during the remainder of that year or until the year 1871. Now the same limitation is expressly applicable to the taxation of dividends, and the new tax to be levied upon them is also declared to be for the year 1871. A discriminating construction, by which they would be subjected to the new tax before 1871, would then not only disregard the analogies of former legislation, but it would necessarily characterize a tax, expressly declared to be 'for and during the year 1871,' as a tax for and during five months of the year 1870.

"The sixteenth section of the act of 1870 directs the mode and time of making a return of the income and profits subject to taxation under the fifteenth section. It requires a return to be made to the assessor of the district or his assistant, 'of the amount of income, and profits, and taxes as aforesaid . . . on or before the tenth day of the month following that in which any dividends or sums of money became due or payable as aforesaid,' and the act of July 13th, 1866, section eleven, requires the payment of the tax on or before the last day of the month. Under these provisions it is the obvious duty of corporations to return the dividends and sums of money due by them, and to pay the tax to which they are liable within the periods designated. If they are not bound to do so, it can only be for the reason that the dividends declared and the sums due by them are not subject to taxation. Now the tax imposed by the fifteenth section was not to be 'levied or collected' until the year 1871. If no tax was to be levied or demandable until the year 1871, it is plain that the provisions in relation to the return and payment of the tax imposed are inapplicable to dividends declared and payable in 1870; and if no provision is made for the return and assessment of dividends then declared, as in other cases, is not the conclusion irresistible that they were not intended to be placed in the category of subjects upon which a tax was imposed?

"Whatever signification, then, the words 'hereafter declared,' as applied to dividends, may have, they cannot be interpreted to subject dividends to a discriminating tax against the uniform course of previous legislation and the clear meaning of the preceding words, which limit the tax imposed to the year 1871, and to subjects properly classified as belonging to that period.

"Even if they can be regarded as casting doubt upon the meaning of the law, that doubt must be resolved in favor of the citizen. The exercise of the power of taxation is not to be affirmed upon conjectural or arbitrary inferences. No burden is to be taken as imposed upon the citizen which the government has not clearly made it his duty to assume. Nor can any portion of his property be exacted for any purpose, except in pursuance of an unambiguous mandate.

"Whatever degree of liberality, therefore, may be allowable in the construction of statutes relating to the revenue of the government, there is neither reason nor justice in expanding them by a strain upon the ordinary import of their words, to give effect to a hypothetical legislative intention.

"It results, then, that dividends declared and payable by railroad companies during the last five months of 1870 were not subject to taxation; and that the tax described in the plea was assessed without authority of law."

Judgments were accordingly entered for the plaintiffs; that is to say, for the corporations; and to bring them here these writs of error were taken.

*Mr. G. H. Williams, Attorney-General, and Mr. S. F. Phillips, Solicitor-General, for the collector, plaintiff in error; Mr. F. C. Barlow and Mr. J. E. Gowan, contra.*

Mr. Justice HUNT delivered the opinion of the court.

The language of the act of July 14th, 1870, is too manifest to admit of a doubt that Congress intended to extend for two years the tax upon the incomes of individuals. Without further legislation the power to levy that tax expired with the year 1870. A tax for the year 1869 had been levied in March, 1870, under the authority of the laws referred to. No further levy could be made. It is then provided by section six that there shall be levied for the years 1870 and 1871 a tax upon individual incomes.

By the statute of 1864 that portion of the income of an individual derived from dividends on stocks, interest on corporate bonds, and the like, was directed not to be included in his return of gains and profits, and no tax was assessed

to him directly for that portion of his income. Another section of the same statute provided that dividends of earnings, interest on corporate bonds, and the like should be taxed to the corporation directly and in its name. While these items were passed over in the individual account, they were rigidly and searchingly sought out and taxed in the name of the corporation. We here find the explanation of that portion of the seventh section of the act of 1870, which excepts from individual income as a subject of taxation "that portion thereof from which, under authority of acts of Congress previous hereto, a tax of 5 per centum shall have been withheld."

Intending and expecting that this source of taxation would continue to be reached by the taxation upon corporations, it was intended that the individual should be relieved from the imposition.

From the examination of the *Globe Congressional Journal* of the 41st Congress,* and of the original Journal of the House of Representatives, we learn that as originally reported and passing the House the words "for and during the year 1871," now making a part of the fifteenth section, were not in the bill; nor were there any corresponding words. The bill read:

"That there shall be levied and collected a tax of two and one-half per centum on the amount of all interest or coupons, &c., . . . and on the amount of all dividends of earnings or gains . . . hereafter declared, whenever and wherever the . . . same shall be payable, and to whatsoever person the same may be due."

As it thus stood the imposition of the tax upon the dividends of corporations was unlimited as to time.

The same record shows that the Senate amended the fifteenth section by inserting after the word collected as follows:

"During the years 1871 and 1872."

* Page 5516.

So that it would read—

"Be it enacted that there shall be levied and collected during the years 1871 and 1872 a tax of two and one-half per centum on the amount of all interest, &c."

Up to this point it stands that the House proposed to tax the corporations upon their dividends and coupons without limit as to time, while the Senate desired to fix their liability to the taxes to be levied and assessed during the years 1871 and 1872.

The record further shows that the House disagreed to this and to other amendments of the Senate. There were many points of difference. A committee of conference was appointed, the chairman of which, Mr. Schenck, reported to the House on the 13th day of July, among other things, "that the House receded from their disagreement to the twentieth amendment of the Senate [the one above quoted], and agree to the same with the following amendment:

"Strike out said Senate amendment and insert in lieu thereof the following: 'for and *during the year* 1871.'"

This was agreed to, and the section which we are now considering became a law in its present form.

Connected directly with this point is the provision of section seventeen of the same act, viz., that sections 120, 121, 122, and 123 of the act of June, 1864, as amended, shall be construed to impose the taxes therein mentioned to the 1st day of August, 1870, but after that date no further taxes shall be levied or assessed under the said sections.

These sections are the ones imposing the imcome tax of five per cent. upon corporations, and that tax is thus continued upon corporations until August, 1870, and no longer.

The journal and record show two other facts:

1st. That the words "hereafter declared," in the fifteenth section of the act of 1870, immediately following the words "dividends of earnings, income, or gains," formed a part of the original bill as it passed the House and was sent to the Senate.

2d. That the seventeenth section, by which it was enacted that the sections of the statute of 1864 imposing the income tax of five per cent. upon corporations, should be construed to impose the taxes therein mentioned to the 1st day of August, 1870, but that after that date no further tax shall be levied or assessed under those sections, formed no part of the original House bill. It was an amendment proposed on the part of the Senate, and agreed to by the House.

By section fifteen it is declared that this tax of two and one-half per cent. shall be imposed " on the amount of all dividends of earnings, income, or gain hereafter declared" by any bank, railroad company, trust company, &c. All the dividends which shall be thereafter declared by any bank or railroad company shall be taxed. No time is limited within which the dividend is to be declared. No restriction is made except that it shall be " hereafter" declared, *i. e.*, after the 17th of July, 1870, the date of the passage of the act. The dividends in question were all declared after this date, and they fall within the general language made use of.

The first branch of the section directs the levying and collection of taxes on dividends for and during the year 1871; the latter branch imposes the tax upon all dividends thereafter declared.

Under these circumstances, we are compelled to ascertain the legislative intention by a recurrence to the mode in which the embarrassing words were introduced, as shown by the journals and records, and by giving such construction to the statute as we believe will carry out the intentions of Congress.

The intention of the House upon the record we have quoted is plain. That body proposed to tax all dividends thereafter declared by corporations, but yielded to the indisposition of the Senate to assent to that principle.

The Senate proposed to amend this principle, first, by the limitation of the tax of five per cent. to August, 1870; and, second, by inserting the words " there shall be levied and collected during the years 1871 and 1872," which gave a tax of two and a half per cent. for those two years. The order

in which these amendments were agreed to in the Senate is not easily ascertained. The record does not show the time of the adoption of the second amendment by the Senate. The Senate consented to say that the tax should be levied and assessed "during the years 1871 and 1872." The House agreed to the amendment by making it to read not only "during" but also "for" the year 1871, and omitting the year 1872, and the result appears in the act we are considering.

This action does not correctly indicate the feeling of either body, as the House evidently wished to impose an extended tax, while the record shows that in several of its votes the Senate voted to abolish entirely the income tax, both as to individuals and as to corporations.

The defendant's construction of the fifteenth section assumes that Congress imposed the tax upon corporations, until August 1st, 1870; that from that date till January 1st, 1871, no tax was imposed, and that after that period the tax was again imposed; that there was a hiatus for five months. The tax upon individuals meanwhile was imposed during the whole of the years 1870 and 1871. It is impossible to believe Congress intended to make this discrimination. It is entirely unreasonable, and is not in harmony with the well-known views of Congress on the subject.

The rate of taxation to August 1st, 1870, was five per centum. Accordingly section seventeen enacts that the taxation under sections 120, 121, 122, 123, of the act of 1864, which would be at and after that rate, shall be paid by the corporations until August 1st, 1870, but after that time no further taxes shall be levied or assessed under those sections. There is no enactment that the corporations shall not be taxed on dividends after August 1st, 1870, but that the force of those sections shall extend no farther. Subsequent taxes are by virtue of other authority. Each rate was intended to be provided for in this statute, as we find that the five per cent. may be collected by virtue of the seventeenth section, and the fifteenth section may be construed as saying that the tax shall be extended through the year 1871, and that

the dividends thereafter declared during the year 1870 shall be subject to the tax of two and a half per cent.

The ambiguous terms of the statute prevent the possibility of a satisfactory solution of the question presented. We are inclined to adopt the construction practically placed upon it by the administrative department of the government, which is this: that effect is to be given to the words "hereafter declared," by holding that they cover all the dividends and additions of the year 1870, after the passage of the act; and that the words "levied and collected during the year 1871" relate to the time when the tax is to be enforced rather than as a limitation to the tax itself. Congress may have assumed that the dividends after August would not be declared until the end of the year should be nearly reached, and that they would be properly levied and collected in the year following. The statute hereinbefore quoted, showing that the tax upon individual incomes is to be levied and collected in the year following the period for which they are imposed by the statute, is an illustration of what these words may mean. The words in question do not necessarily limit the kind of property to be taxed or the period of time for which the tax is laid. The tax cannot be levied or collected until 1871, but it may be imposed upon all dividends, additions, or payments of interest made or declared after the passage of the act of July 17th, 1870.

JUDGMENT REVERSED.

Dissenting, Justices DAVIS, STRONG, and BRADLEY.