MISSOURI RIVER, F. S. & G. R. Co. v. UNITED STATES.

(*Circuit Court, W. D. Missouri, W. D.* January, 1884.)

1. INCOME TAX — CORPORATIONS — PERIOD FROM AUGUST 1, 1870, TO JANUARY 1, 1871.

The case of *Blake* v. *Nat. Bank,* 23 Wall. 307, 320, followed, which held that corporations were not exonerated from the payment of income tax during the last five months of the year 1870.

2. ACTION TO RECOVER TAXES — DEDUCTION OF OVERPAID AMOUNTS.

In a suit by the United States for the recovery of taxes, the defendant is entitled to a deduction of any amount admitted by the plaintiff to have been previously overpaid, even though there is no plea of offset

Error to the District Court.

The United States brought suit in the court below to recover of the Missouri River, Fort Scott & Gulf Railroad Company the sum of $19,474.93, claimed as due for taxes, under the revenue laws, as income tax upon the earnings of said company for the year 1870. The case was heard by the court without a jury, upon an agreed

statement of facts, from which it appears that the gross receipts of said company for the 12 months ending December 31, 1870, were—

|  |  |
|---|---|
|  | $1,199,220 58 |
| That the expenses for the same period were - | 707,222 18 |
| Leaving net earnings, - - - | $491,998 40 |

It also appeared that said company had overpaid the taxes due on gross receipts for that year the sum of $209.50, but that it had paid no tax for that year upon the undivided net earnings during said year. The court found for the plaintiff for the whole amount claimed, and rendered judgment accordingly. The said railroad company, defendant below, brings the case here and assigns errors, as stated in the opinion.

*Wallace Pratt,* for plaintiff in error.

*Wm. Warner,* U. S. Atty., for defendant in error.

McCRARY, J. The errors assigned are (1) that the district court erred in finding the sum of $5,124.98 due from the railroad company to the United States for taxes on net earnings from August 1 to December 31, 1870; (2) that the district court erred in not deducting from the amount it found due the sum of $209.50, overpayment by the railroad company upon the taxes upon its gross receipts for the year 1870.

As to the first assignment, it presents a question which was settled by the supreme court in *Blake* v. *Nat. Banks,* 23 Wall. 307, 320. In that case, as here, it was insisted that, by oversight or otherwise, congress omitted to impose an income tax upon corporations from August 1, 1870, till January 1, 1871; that there was a hiatus of five months, so far as corporations were concerned, while as to individuals the tax was imposed for the entire year. This contention is expressly overruled by the case cited, and requires no discussion here.

As to the second error assigned, I think it ought to be sustained. The government agreed upon a statement of facts which became the only evidence in the case. That statement shows upon its face an overpayment to the government by the company upon one item of $209.50. True, the government does not expressly agree to credit this sum upon the remaining claim against the company, but it does, in effect, agree that the court shall determine from the facts stated what sum, if any, is due. It is not a question as to the force and effect of a certified statement of account under the act of congress on the subject. The question is, what judgment is the United States entitled to upon the facts admitted? And the answer must be that the United States is entitled to the amount of tax due, less whatever sum has been paid. Nor is it necessary that the company should plead an offset. The government is bound to prove the amount due, and if in making proof it shows affirmatively that it has received into its treasury a partial payment, the court will take that fact into account.

The judgment is reversed, and remanded to the district court with direction to render judgment for the United States for the sum heretofore found due, less the sum of $209.50 overpaid, as above stated, and interest thereon.