Bichardson, Ch. J.,
delivered the opinion of the court:
The claimant has filed written interrogatories to be propounded to Hon. E. B. Washburne, of Chicago, on the taking ■of his deposition as a witness in the case. The defendants, in -accordance with rule 30, have filed objections to the following:
“ Fifth direct interrogatory. Please state whether or not you were a member of the House of Bepresentatives of the United ■States during the session of Congress of the years 1867 and -1868, and particularly in the month of March, 1868.
“ Sixth direct interrogatory. Please state whether you had *49 any connection with the introduction and passage by the said House of Representatives of the second section of the act entitled ‘An act making appropriations for the consular and diplomatic expenses of the Government for the year ending 30th of June, 1869, and for other purposes,’ approved March 30r 1868; and if so, state what.
“ Seventh direct interrogatory. If you have personal knowledge of the object or intention of the enactment of the said second section of the said act, please state the same fully.” '
The object of the interrogatories is to obtain evidence of the meaning of the act of Congress referred to by the individual opinion of a member of one branch of the legislature by which it was passed as to what was the intention of Congress in the enactment. We are not able to find in the text-books or reported decisions that- such an effort was ever before made in a court of law.
It was said by Chief-Justice Taney in Aldrich v. Williams (3 How., 24) :
“ In expounding this law the judgment of the court cannot in any degree be influenced by the construction placed upon it by individual members of Congress in the debate which took place on its passage, nor by the motives or reasons assigned by them for supporting or opposing amendments that were offered. The law as it passed is the will of the majority of both Houses,, and the only mode in which that will is spoken is the act itself,, and we must gather their intention from the language they used, comparing it when any ambiguity exists with the laws-upon the same subject, and looking, if necessary, to the public history of the times in which it was passed.”
This case has been often cited and approved. (United States v. Union Pacific R. R., 91 U. S. R.., 79, and 11 C. Cls. R., 41.)
If the opinions of members publicly expressed at the very time when the act is under discussion, and when opportunity is given to other members to controvert them, cannot be.referred to for the purpose of explaining its interpretation, how much more objectionable would it be to admit the private opinions of individuals to be subsequently given in evidence for that purpose.
How Mr. Washburne could possibly have “personal knowledge of the object oi intention of the enactment” by both Houses of Congress is not easy to comprehend. At most he could have only personal knowledge of his own object and intention, and that would not go far towards showing the object and intention *50 of each, or of a majority of the several hundred members of the House of Representatives and of the members of the Senate in passing tlie act, and of the President in approving it, each one •of whom must be understood to have that object and that intention which the language, construed by the light of surrounding oircumstances and the public history of the times, indicates.
Courts take judicial notice of some circumstances outside of an act which go to show its meaning, and in doing so they frequently take a wide range of illustration and investigation from public records, public documents, general and local history, and other matters of such general and public notoriety as may be supposed to have been in the minds of all the legislators when the act was passed, but they never admit the opinions and evidence of individual witnesses for that purpose. (The Slaughter-House Cases, 16 Wall., 37; Blake v. National Banks, 23 Wall., 317 ; Brown v. Piper, 91 U. S. R., 42; Blake v. United States, 103 id., 235; Wilson v. Spalding, 19 Fed. Rep., 304; State v. New Orleans Pacific Railroad, 30 La. Ann., 980 ; People v. Stevens, 71 N. Y., 527; Fisher v. United States, 15 C. Cls. R., 323; Fendall v. United States, 16 id., 121.)
The motion of the defendants to strike out the interrogatories objected to is allowed.
Davis, J., did not sit at the hearing of this motion, and took no part in the decision.