(C. D. 439)

Mitsui & Co., Ltd. *v.* United States

United States Customs Court, First Division

(Motion denied February 24, 1941)

*Eugene R. Pickrell* for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

Before BROWN, OLIVER, and WALKER, Judges; OLIVER, P. J., not participating

WALKER, Judge: Motion has been made by the defendant herein for a rehearing and a reconsideration of our decision in this case dated December 20, 1940 (C. D. 411).

The motion is based upon the ground, as revealed by the affidavit filed in connection therewith, that in making its decision the court failed to consider certain history of the legislation which was enacted as section 701 of the Revenue Act of 1936. Attention is directed in the affidavit to (1) a statement made in debate on a proposed amendment to the bill by a United States Senator temporarily in charge of the bill prior to its passage, (2) a report made by the Tariff Commission pursuant to a request of the Chairman of the House Ways and Means Committee subsequent to the passage of the bill, and (3) statements made after the passage of the bill by interested parties testifying before the said Committee considering the proposed Revenue Act of 1938.

There is ample authority to the effect that statements made in debate in Congress by those in charge of a pending bill may be resorted to by courts in the determination of ambiguities found to exist in the legislation as enacted. The rule is stated in *United States* v. *St. Paul, Minneapolis & Manitoba Railway Co.*, 247 U. S. 310, 318, 62 L. ed. 1130, 1134, as follows:

It is not our purpose to relax the rule that debates in Congress are not appropriate or even reliable guides to the meaning of the language of an enactment. United States v. Trans-Missouri Freight Asso., 166 U. S. 290, 318, 41 L. ed. 1007, 1019, 17 Sup. Ct. Rep. 540. But the reports of a committee, including the bill as introduced, changes made in the frame of the bill in the course of its passage, and statements made by the committee chairman in charge of it, stand upon a different footing, and may be resorted to under proper qualifications. Blake v. National City Bank, 23 Wall. 307, 317, 23 L. ed. 119, 120; Church of the Holy Trinity v. United States, 143 U. S. 457, 464, 36 L. ed. 226, 229, 12 Sup. Ct. Rep. 511; Dunlap v. United States, 173 U. S. 65, 75, 43 L. ed. 616, 619, 19 Sup. Ct. Rep. 319; Binns v. United States, 194 U. S. 486, 495, 48 L. ed. 1087, 1090, 24 Sup. Ct. Rep. 816; Johnson v. Southern P. Co., 196 U. S. 1, 20, 49 L. ed. 363, 370, 25 Sup. Ct. Rep. 158, 17 Am. Neg. Rep. 412; Pennsylvania R. Co. v. International Coal Min. Co., 230 U. S. 184, 198, 57 L. ed. 1446, 1451, 33 Sup. Ct. Rep. 893, Ann. Cas. 1915A, 315; Five Per Cent Discount Cases (United States v. M. H. Pulaski Co.) 243 U. S. 97, 107, 61 L. ed. 617, 621, 37 Sup. Ct. Rep. 346.

The relaxation of the rule permitting consideration of statements made in debate by those in charge of a bill appears to be confined to such statements when they are explanatory and in the nature of a

supplemental report made by a committee member. This is made plain by the language following the above-quoted excerpt from *United States* v. *St. Paul M. & M. Ry. Co.*:

The remarks of Mr. Lacey, and the amendment offered by him, in response to an objection urged by another member during the debate, were in the nature of a supplementary report of the committee; and as they related to matters of common knowledge they may very properly be taken into consideration as throwing light upon the meaning of the proviso; not for the purpose of construing it contrary to its plain terms, but in order to remove any ambiguity by pointing out the subject-matter of the amendment.

See also *Duplex Printing Press Co.* v. *Deering*, 254 U. S. 443, 474, 65 L. ed. 349, 360.

There is no question in our minds but that an ambiguity exists in the provision taxing rapeseed oil in the Revenue Act of 1936 which is in issue in the instant suit. We so found in our decision, C. D. 411, *supra*. We are satisfied, however, that the statement on which reliance is placed by counsel for the defendant to indicate the legislative intent is not one which has that effect for the purposes of the case at bar. The statement to which our attention is directed is one made by Senator George, who was temporarily in charge of the bill, during debate on a proposed amendment relating to fatty acids and salts of linseed oil prior to the passage of H. R. 12395, enacted subsequently as the Revenue Act of 1936. The statement is reported in the Congressional Record, vol. 80, part 8, 74th Congress, Second Session, p. 8785. It appears that Senator Frazier offered an amendment providing for a tax on fatty acids and salts derived from linseed oil. Senator George pointed out that linseed oil was not covered by the bill, although it was proposed by the amendment to tax fatty acids derived therefrom. Senator Frazier replied that linseed oil was already subject to a tax of 4½ cents per pound under the Tariff Act of 1930, whereupon the following took place:

Mr. GEORGE. Mr. President, this is simply an indirect effort to raise the tariff, and the committee has steadfastly refused to raise tariff duties.

Mr. FRAZIER. I do not think it would raise the tariff. It would be only fair, unless fatty acids are included among the oils covered by the bill that come in competition with linseed oil, to include linseed oil.

Mr. GEORGE. This section is intended to stop up loopholes in the law. *Some of these oils are covered in the Tariff Act and some are on the free list, but all oil is subjected here to an additional tax.* To impose a tax upon a derivative of linseed oil, upon which there is no special tax, but only a tariff, is necessarily an effort to raise the tariff by indirection * * *. [Italics added.]

It is the matter in italics to which defendant's counsel points to sustain its contention that it was the purpose of the Revenue Act of 1936 to tax denatured rapeseed oil. It is at once manifest that Senator George's statement was not made to show any such purpose of the bill but to explain that all of the oils covered by the proposed Revenue Act, on the fatty acids of which an additional tax was imposed, were

themselves subjected to an additional tax, whereas there was no additional tax on linseed oil, and hence, in the view of the Senator as representing the Committee, no additional tax should be placed on the fatty acids derived therefrom. True, standing alone the words italicized might lead to the impression sought to be imported to them by the defendant, but a reading of the context shows at once that the statement was not made to convey the intent to tax all the oils then named in the bill even if denatured and so free of tariff duty.

It being apparent that the purpose and scope of the Senator's statement do not warrant the construction placed upon it by the defendant, it may not be considered in determining the question in issue.

The other matters of legislative history to which our attention is directed by the Government all occurred after the passage of the Revenue Act of 1936 and tend to show what, in the mind of the Tariff Commission as it then existed and in the minds of certain interested parties, was the effect of the Revenue Act of 1936 as enacted into law with reference to the question of whether inedible or denatured rapeseed oil was covered thereby. We know of no sanction in law which would permit a court to examine, for the purpose of determining an ambiguity in existing legislation, the report of a Tariff Commission made a year after the enactment of the act or the testimony of interested parties before a legislative committee given 2 years after such enactment. To do so would be to give the same a retroactive effect which surely may not be done, for the reports and testimony would not reveal what was the intent of the legislature at the time it enacted the law but only what the Tariff Commission and the interested parties thought it was after its enactment. We must therefore decline to attach such weight to the report and testimony cited and quoted by the defendant as would warrant us in granting the present motion for rehearing.

For the foregoing reasons an order will issue denying the motion for rehearing herein.